IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MONIQUE A. BESS, | : |
| Plaintiff, | : |
| v. | : Civil Action No. RDB-05-CV-244 |
| MERCY MEDICAL CENTER, | : |
| Defendant. | : |

**MEMORANDUM OPINION**

Plaintiff Monique A. Bess ("Plaintiff" or "Bess") has filed a Complaint against her former employer, Mercy Medical Center ("Defendant" or "Mercy Medical"), alleging violations of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII"). Defendant has moved this Court to dismiss all counts of Plaintiff's Complaint for: (1) failure to exhaust administrative remedies;[1] (2) barred claims by the statute of limitations or untimeliness; and (3) failure to state a claim upon which relief may be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, the Defendant's motion is DENIED.

**I.   BACKGROUND**

The following facts are presented in the light most favorable to the Plaintiff. On or near August 1, 2001, Bess, an African American female, was hired by Mercy Medical as a laboratory medical

---

[1] Although not specifically addressed by Defendant, "[m]otions to dismiss for failure to exhaust administrative remedies are governed by Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction." *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003) (citation omitted).

technologist and assigned to the Mercy Medical Center Pathology core laboratory. (Compl. ¶¶ 1, 5-6.) Before her assignment, the Plaintiff received a degree in chemistry and provided Mercy Medical with a copy of her resume. (*Id.* ¶ 6.) At this time, she expressly stated she was deficient in hematology. (*Id.*) Mercy Medical's agent assured her that she would receive training compatible with the Human Resources Equal Employment policy and practice of Mercy Medical to train all employees in Bess's job position. (*Id.*) In early August 2001, Bess was assigned to receive training from Mary "Heidi" Hanes ("Hanes") relating to various employment tasks and from Irene Newton ("Newton") in the area of normal cell recognition in hematology. (*Id.*) During this time, she claims Hanes and Newton, both white females, treated her differently based upon her race as an African American female than other white employees who received the same training. (*Id.*) Specifically, Bess asserts that Hanes refused to train her in the recognition of abnormal cells. Bess states that when she contacted her supervisor, Carol Foreman ("Foreman"), she was told that it was her responsibility "to get thru the trainers" and obtain the knowledge essential to perform her job. (*Id.*) The Plaintiff alleges that Foreman was aware of Hanes's racial animosity of Bess and refusal to fully train her. (*Id.*) Furthermore, she contends that Mercy Medical sustained a system of training white employees differently than African American employees. *(Id.)*

Bess started to work in the laboratory on October 8, 2001, after Hanes "signed off on the training" never provided to her. (*Id.* at 9.) The Plaintiff claims that Mercy Medical ultimately sent her to a class on "Hematology and Stem Cell technology" with another African American, Harry Cook ("Cook"), due to the lack of training provided to her by Hanes. (*Id.*) However, Bess alleges that Mercy Medical was fully aware that the "Hematology and Stem Cell technology" class covered theory

2

and normal differentials and not the recognition of abnormal cells during disease and abnormal states. (*Id.*) During this time, Bess insists that Mercy Medical's business in the lab was "prolific" due to staff shortages. (*Id.*) Additionally, Bess was not scheduled to be trained in hematology for 2002, unlike other white employees holding the same position. (*Id.*) Mercy Medical eventually hired three white technologists and each received hematology training in June to July 2003. (*Id.*) Sometime before August 1, 2003, Bess's counsel sent a letter to Mercy Medical informing them of her intent to file an Equal Employment Opportunity Commission ("EEOC") complaint ("EEOC Charge") for failure to train. (*Id.*) Soon afterwards Mercy Medical required Stephen John ("John"), a white male, to evaluate Bess. (*Id.*) Bess asserts that Mercy Medical used John to evaluate, harass, and retaliate against her for challenging Defendant's failure to train her, and to conceal the prior actions and non-actions of Foreman. (*Id.*) On August 1, 2003, John submitted Bess with a "performance improvement plan" ("PIP") indicating Bess was not meeting the expectations of her employment since she was not trained in hematology. (*Id.*) John allegedly scrutinized Bess's work, gave warnings to her, and unfairly penalized her for taking sick time due to an accident occurring on September 24, 2003. (*Id.*) Further, on March 1, 2004, John charged and suspended Bess for allegedly abusing the sick leave policy after Bess was sick with a cold and traveled to Mercy Medical's emergency room. (*Id.*)

Bess's Complaint does not specify the date on which she filed her EEOC Notice of Discrimination and Charge. In addition, no copy of the EEOC Charge or the "Right to Sue" letter is attached to the complaint.[2] On January 27, 2005, Plaintiff filed this action within 90 days after receiving

---

[2] Defendant's Motion to Dismiss asserts that Plaintiff filed a complaint with the EEOC on November 14, 2003 and on December 15, 2003, the EEOC issued to Defendant a "Notice of Charge of Discrimination" ("Notice of Charge").

a "Notice of Right to Sue" from the EEOC and Defendant filed a Motion to Dismiss on February 28, 2005. As of the filing of this action, Bess remained employed by Mercy Medical.

## II. STANDARD OF REVIEW

Generally, a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure will be granted "only in very limited circumstances." *Rogers v. Jefferson-Pilot Life Ins. Co.,* 883 F.2d 324, 325 (4th Cir. 1989).[3] In ruling on a motion to dismiss, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see Franks v. Ross*, 313 F.3d 184, 192 (4th Cir. 2002). Dismissal under Rule 12(b)(6) is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see Three M Enters., Inc., v. Texas D.A.R. Enters., Inc*, 368 F. Supp. 2d 450, 454 (D. Md. 2005).[4]

Generally, the Federal Rules of Civil Procedure do not require that a complainant describe alleged wrongdoing with any particularity. *Bender v. Suburban Hosp.*, 998 F. Supp. 631, 632 (D. Md. 1998)*, aff'd* 159 F.3d 186 (4th Cir. 1998) (citing Fed. R. Civ. P. 8(a)(2); *Comet Enter. Ltd. v.*

---

[3] It has been noted that district courts should grant a motion to dismiss for failure to state a claim "sparingly and with caution to make certain that the plaintiff is not improperly denied a right to have his claim adjudicated on the merits." 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure, Civil 3d § 1349 at 58 (2004).

[4] As mentioned above, to the extent that Defendant's Motion to Dismiss is based on the assertion that Plaintiff failed to exhaust administrative remedies, it shall be governed by Rule 12(b)(1). *See Khoury*, 268 F. Supp. 2d at 606 (citation omitted). The burden is on the plaintiff to prove that subject matter jurisdiction properly exists in the federal court. *See Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999). In a 12(b)(1) motion, the court "may consider evidence outside the pleadings" to help determine whether it has jurisdiction over the case before it. *Richmond v. Fredericksburg & Potomac R.R. Co. v. U.S.*, 945 F.2d 765, 768 (4th Cir. 1991). The motion to dismiss should be granted "only if the material facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.* at 768.

*Air-A-Plane Corp.*, 128 F.3d 855, 860 (4th Cir. 1997)).  Rather, pursuant to Federal Rules of Civil Procedure 8(a)(2), a complaint is sufficient if it includes "a short and plain statement of the claim showing that the pleader is entitled to relief."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002) (quoting Fed. R. Civ. P. 8(a)(2)).  The purpose of this statement is to "give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests."  *Conley*, 355 U.S. at 47.

In *Swierkiewicz*, the Supreme Court held that in order to survive a motion to dismiss, a plaintiff in an employment discrimination case need not allege specific facts establishing a *prima facie* case of discrimination.  *Swierkiewicz*, 534 U.S. at 511-13.  Rather, the plaintiff need only comply with the liberal notice pleading standards of Rule 8 of the Federal Rules of Civil Procedure.  *Id.*  In the employment discrimination context, the United States Court of Appeals for the Fourth Circuit, while not requiring a plaintiff to plead facts "sufficient to prove her case, as an evidentiary matter, in her complaint," has not "interpreted *Swierkiewicz* as removing the burden of a plaintiff to allege facts sufficient to state all the elements of her claim."  *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003).[5]

### III.   ANALYSIS

#### A.   Exhaustion of Administrative Remedies

Mercy Medical argues that Plaintiff's claims are barred for failing to exhaust administrative

---

[5] Both this Court and other district courts in the Fourth Circuit have noted that the Fourth Circuit appears to apply a seemingly higher pleading standard in deciding a motion to dismiss in employment discrimination actions.  *See, e.g.*, *Radbod v. Washington Suburban Sanitary Comm'n*, No. Civ. JFM-03-309, 2003 WL 21805288, at *4 n.5 (D. Md. July 14, 2003) (Motz, J.); *see also Sheaffer v. County of Chatham*, 337 F. Supp. 2d 709, 717 (M.D.N.C. 2004); *Miller v. Washington Workplace, Inc.*, 298 F. Supp. 2d 364, 373 (E.D. Va. 2004).  *But see Cockerham ex rel. Cockerham v. Stokes County Bd. of Educ.*, 302 F. Supp. 2d 490, 494-96 (M.D.N.C. 2004) (explaining the purpose of the pleading requirements set forth in *Swierkiewicz* by the Supreme Court directly conflicts with the Fourth Circuit's subsequent decision in *Bass*).

remedies. Specifically, Mercy Medical asserts that Bess cannot pursue a claim of racial harassment because she failed to provide adequate factual allegations of racial harassment in her EEOC Charge. Additionally, Mercy Medical argues that Bess raised other allegations in her Complaint not "reasonably related" to her EEOC Charge.

It is axiomatic that a plaintiff must exhaust her administrative remedies by filing a claim with the EEOC before filing suit in federal court under Title VII. *See Bryant v. Bell Atl. Md.*, Inc., 288 F.3d 124, 132 (4th Cir. 2002) (citing *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000). The plaintiff's EEOC Charge defines the scope of her right to institute a civil suit. *See Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 962-63 (4th Cir. 1996). A court can examine the claims in a plaintiff's complaint if the claims are "reasonably related to her EEOC charge and can be expected to follow from a reasonable administrative investigation." *Smith*, 202 F.3d at 247-48 (citing *Chisholm v. United States Postal Serv.*, 665 F.2d 482, 491 (4th Cir. 1981). The complaint is deemed reasonably related to the EEOC Charge, if the court determines the defendant received "sufficient notice from the administrative charge of the alleged kinds of discrimination." *McGaw v. Biovail Pharms., Inc.*, 300 F. Supp. 2d 371, 373 (D. Md. 2004).

In the present case, this Court does not have a copy of the actual EEOC Charge, which is referenced in the EEOC Notice of Charge of Discrimination, but it will view the facts in the light most favorable to the Plaintiff. The Notice of Charge of Discrimination filed by Bess indicates she would file an EEOC Charge under Title VII for race-based discrimination and retaliation. (Def.'s Mot. Dismiss Ex. 1.) In Plaintiff's Complaint, she alleges racial discrimination based on failure to train and retaliatory acts after Mercy Medical was informed of Bess's intent to file a complaint with the EEOC for failure to

6

train.[6] First, Mercy Medical asserts that Bess's EEOC Charge alleging discrimination for failure to train is insufficient to state a claim of racial harassment and is time-barred.[7] Based upon the Notice of Charge and Defendant's Motion to Dismiss, this Court finds that Bess's failure to train claim in her EEOC Charge is "reasonably related" to her Complaint, as it provided Defendant with "sufficient notice . . . of the alleged kinds of discrimination." *McGaw*, 300 F. Supp. 2d at 373.

Next, Mercy Medical argues that Plaintiff's alleged retaliation claim specifically focused on her placement in a PIP, therefore, other allegations of retaliation were not pursued in the EEOC administrative process and cannot be considered by this Court. Plaintiff's Complaint alleges that Mercy Medical retaliated against her for violating the sick leave policy on two occasions. Bess's first disciplinary action resulted from using sick time for an accident occurring on September 24, 2003. However, it is unclear from the facts the date John allegedly "penalized" her. Defendants may assert that if this disciplinary action occurred before the EEOC Charge, then Bess would not be able to allege this specific retaliatory act for the first time in a complaint. Even if this retaliatory act should have been raised in her EEOC Charge, the post-EEOC Charge suspension of Bess on March 1, 2004, for abusing the sick leave policy coupled with the previous disciplinary action, can be construed as "retaliation [that] grew out of the investigation of the claims in [Bess's] EEOC charge." *Sloop v. Memorial Mission Hosp., Inc.*, 198 F.3d 147, 149 n.1 (4th Cir. 1999). Therefore, this Court finds that the allegations in Plaintiff's Complaint are "reasonably related" to her EEOC Charge and that

---

[6] According to the Complaint, Mercy Medical was alerted to Bess's intention to file an EEOC Charge sometime before August 2003, but the actual EEOC Charge was not filed until November 2003.

[7] The Court will address the time-barred issue in Section III.B.

Plaintiff has exhausted her administrative remedies. Accordingly, Defendant's Motion to Dismiss this action based on failure to exhaust her administrative remedies is DENIED.

### B. Claims Barred by the Statute of Limitations or Otherwise Untimely

Mercy Medical contends that Plaintiff's allegation of "failure to train" is time-barred under the statute of limitations provisions of Title VII. Title VII provides for two statute of limitation periods for charges of discrimination. 42 U.S.C. § 2000e-5(e)(1). The standard statute of limitation period for filing a charge of discrimination with the EEOC is 180 days. 42 U.S.C. § 2000e-5(e)(1). The statute of limitations period is extended to 300 days in states where state law prohibits the unlawful employment practice and empowers a state or local agency "with authority to grant or seek relief from such practice." 42 U.S.C. § 2000e-5(e)(1).; *see Edelman v. Lynchburg College*, 228 F.3d 503, 506 (4th Cir. 2000). The 300-day limitation period is applicable to Maryland. 42 U.S.C. § 2000e-5(e)(1); *see Purnell v. Maryland*, 330 F. Supp. 2d 551, 557 (D. Md. 2004). Employees are permitted to file charges of discrimination regarding "related discrete acts" if the acts are "independently discriminatory" and filed in a timely manner. *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 102 (2002). Furthermore, employees are allowed to use "prior acts as background evidence to support a timely claim." *Id.*

According to the Defendant, Bess filed her EEOC Charge on November 14, 2003. Defendant asserts that in order for Bess's claim to be timely, the "failure to train" act must have occurred during the prior 300 days, to wit, January 19, 2003 and November 14, 2003. The Complaint states that "[a]fter the defendant hired three technologist [sic] (white) each was trained in hematology in June to July 2003." Therefore, a reasonable inference can be drawn from Plaintiff's Complaint that Bess

8

decided to initiate a complaint with the EEOC sometime after the three white technologists were trained in hematology, while she was not.[8]  As a result, Plaintiff has alleged discrimination related to an act, or a failure to act, that is timely.

Further, Plaintiff appears to assert that Mercy Medical had a "continuing duty to train" her so she could fulfill her professional duties as a laboratory medical technologist.  This assertion supports the possibility that discrete acts of discrimination may have occurred in instances where Plaintiff was excluded, based on her race, from appropriate training opportunities between January 19, 2003 and November 14, 2003, the specifics of which may be unknown to Plaintiff at this stage in the litigation.  Therefore, at this early stage in this litigation there is not enough information for this Court to determine what possible additional timely acts of alleged discrimination occurred, however, any acts that this Court determines to have occurred before January 19, 2003 are time-barred.[9]  Therefore, Defendant's Motion to Dismiss this action, in its entirety, as time-barred by the statute of limitations is DENIED.

### C. Failure to State a Claim Upon Which Relief May be Granted

In her Complaint, Plaintiff alleges a claim for racial discrimination based on the Defendant's failure to provide her with training opportunities as compared to similarly situated white employees.

---

[8] The Complaint states that Bess did receive training in "Hematology and Stem Cell Technology," but that the course pertained to "theory and normal differentials and not the recognition of abnormal cells during disease and abnormal states."  Therefore, it appears from the Complaint that when Bess states she was not "trained in hematology," she is asserting she was not provided equal access to the training of "recognition of abnormal cells during disease and abnormal states" and other training relating to hematology that would enable her to perform work in the medical laboratory like that of similarly situated white technologists.

[9] This Court expects that both parties, upon the completion of discovery, will specifically address whether Mercy Medical has a "continuing duty to train" and more information relating to particular instances where Bess was allegedly excluded from specific training opportunities based on her race.

Mercy Medical alleges that Bess has not stated a claim for racial harassment because she failed to: (1) allege an adverse employment action; and (2) prove that the alleged harassment contains a racial component and that she was subject to severe or pervasive harassment.[10]  This Court will treat Plaintiff's racial discrimination claim under a "disparate treatment" analysis instead of a "hostile work environment" analysis.

Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer to "discriminate against any individual . . . because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).  A plaintiff may use the *McDonnell Douglas* framework to establish a prima facie case when no direct evidence of disparate treatment is offered.  *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002).  If a plaintiff establishes a *prima facie* case of disparate treatment, a presumption of discrimination is raised and "the burden then shifts to the employer to articulate some legitimate, nondiscriminatory reason."  *Anderson v. Westinghouse Savannah River Co.*, 406 F.3d 248, 268 (4th Cir. 2005).  If the defendant carries this burden, then the plaintiff must demonstrate that the defendant's proffered reason was false and merely a pretext for discrimination.  *See Smith*, 202 F.3d at 248.  However, under the liberal notice pleading standards pronounced in *Swierkiewicz*, Bess is not required to allege specific acts proving a prima facie case of discrimination.  534 U.S. at 511-13.  Rather, under *Bass*, Bess must only allege facts sufficient to support the elements of her claim.  324 F.3d at 765.

---

[10] For clarification purposes, this Court in *Wang v. Metropolitan Life Ins. Co.*, 334 F. Supp. 2d 853 (D. Md. 2004), granted partial summary judgment for the defendant after a lengthy period of discovery, and the defendant was granted a jury trial on a remaining issue.  The case at bar, has not proceeded to that stage.

1.     Denial of Training Claim

Bess claims that Mercy Medical discriminated against her based on her race by failing to train her as compared to other similarly situated employees. In the Fourth Circuit, to state a claim for failure to train, Bess must allege that: (1) she is a member of a protected class; (2) Mercy Medical provided training to its employees; (3) she was eligible for the training; and (4) she was not provided training under circumstances giving rise to an inference of discrimination – she was not trained unlike other similarly situated employees who received training and were not members of a protected group. *Thompson*, 312 F.3d at 649-50 (citing *Pafford v. Herman*, 148 F.3d 658, 667 (7th Cir. 1998)).

Defendant contends, however, that Plaintiff's racial discrimination claim must fail because she has not alleged an adverse employment action, such as a demotion, decrease in pay or benefits, or loss of job title and responsibilities. (Def.'s Mot. Dismiss at 8.) The Fourth Circuit has noted that discriminatory acts need not rise to the level of an "ultimate employment decision[]," such as "hiring, firing, refusal to promote, or the like." *Von Gunten v. Maryland*, 243 F.3d 858, 865 (4th Cir. 2001). In this Circuit, employment decisions affecting the "terms, conditions, or benefits" of employment can similarly constitute an adverse employment action. *See Von Gunten*, 243 F.3d at 865. Furthermore, as indicated above, in *Thompson*, the Fourth Circuit specifically recognizes that there is a cause of action for discrimination based on a denial of training. 312 F.3d at 649.[11]

In the present case, Plaintiff has alleged facts to establish a *prima facie* case under the elements outlined in *Thompson*. She is a member of a protected class as an African American woman. Plaintiff

---

[11] Similarly, the Court of Appeals for the Seventh Circuit has stated that "[a] discriminatory denial of job-related training can constitute an adverse employment action under Title VII." *Durkin v. City of Chicago*, 341 F.3d 606, 611 (7th Cir. 2003).

11

has proffered evidence that she was entitled to obtain training "consistent with [Defendant's] Human Resource Equal Employment policy and practice . . . to train all employees in [Plaintiff's] job position." Plaintiff proffered evidence that in June or July 2003, three white laboratory medical technologists were hired and trained.  Viewing this specific evidence in the light most favorable to Plaintiff, this Court finds the circumstances raise an inference of discrimination since it appears similarly situated employees received training while Plaintiff did not.  Therefore, Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) must be denied with respect to Plaintiff's racial discrimination claim.

2. Retaliation Claim

Bess alleges that Mercy Medical retaliated against her by placing her on a Performance Improvement Plan ("PIP") in response to Mercy Medical's notification of her intent to file an EEOC Charge.  Defendant states that Plaintiff's claims should be dismissed for failing to specifically allege she was subjected to an adverse employment action.  In particular, the Defendant asserts the PIP provided to Plaintiff on August 1, 2003 was not an adverse employment action.  In order to state a claim for retaliation, Bess must allege that: (1) she engaged in statutorily protected activity; (2) Mercy Medical took adverse employment action against her; and (3) the existence of a causal link between the protected activity and the adverse employment action.  *See Thompson*, 312 F.3d at 650 (quoting *Von Gunten*, 243 F.3d at 863).

A plaintiff must allege the action, "adversely [a]ffected the terms, conditions, or benefits of the plaintiff's employment." *Jackson v. Maryland*, 171 F. Supp. 2d 532, 544 (D. Md. 2001) (alteration in original, quotations omitted); *see also Von Gunten*, 243 F.3d at 865 (clarifying that discriminatory acts affecting both the "terms, conditions, or benefits" of employment as well as "ultimate employment

12

decisions" can constitute adverse employment actions).    Under the *McDonnell Douglas* standard, once the plaintiff proves a *prima facie* case of retaliation, the employer must offer a legitimate, non-retaliatory reason for the action.  If the employer offers a non-retaliatory reason for the action, then the plaintiff must prove defendant's proffer reason was a pretext "by showing that the explanation is unworthy of credence or by offering other forms of circumstantial evidence sufficiently probative of retaliation."  *Price v. Thompson*, 380 F.3d 209, 212 (4th Cir. 2004) (quotations omitted).

It is undisputed that Bess engaged in statutorily protected activity when she informed Mercy Medical of her intent to file an EEOC complaint for failure to train and then filed that complaint.  Bess asserts that after her EEOC complaint she was retaliated against by being placed on a PIP "indicating that she was not up to the expectations of her employment since she was not trained in hematology" and by being wrongfully suspended for using her sick time.

While this Court agrees with Defendant's statement that merely placing an employee on a PIP, in and of itself, does not constitute an adverse employment action, this allegation coupled with the Bess's suspension can be said to stem from the filing of the EEOC Charge.[12]  Defendant concedes that Bess's suspension may constitute an adverse employment action, but argues that it was not the subject of any EEOC Charge.  (Def.'s Mot. Dismiss at 3.)  Plaintiff need not file a new EEOC charge for a "retaliation claim [that] grew out of the investigation of the claims in the EEOC charge." *Sloop*, 198 F.3d at 149 n.1; *Riley v. Technical & Mgmt. Servs., Corp.*, 872 F. Supp. 1454, 1459 (D. Md. 1995) (citing *Nealon v. Stone*, 958 F.2d 584, 590 (4th Cir. 1992) (stating that "a plaintiff need not

---

[12] It is noteworthy that Bess alleges that she never received the training outlined in her PIP.

exhaust his administrative remedies for retaliation that grows out of an earlier charge"). While numerous questions remain, pending discovery,[13] Plaintiff has alleged sufficient facts to state the elements of a claim of retaliation.[14] Therefore, Defendant's Motion to Dismiss the retaliation claim is DENIED.

## IV.     CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is DENIED. A separate Order will follow.


Date: June 28, 2005                                          /s/
                                                            Richard D. Bennett
                                                            United States District Judge

---

[13] Defendant cites to several cases where motions for summary judgment were granted after discovery, but the current disposition of this case has not advanced to that stage.

[14] This Court applies the standards established by the Supreme Court in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002), as interpreted by the Fourth Circuit in *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003).